■ EVELYN ABELSON, Respondent, v GENESCO, INC., Appellant.—Judgment of the Supreme Court, New York County, entered in the office of the clerk on December 21, 1976, awarding respondent the sum of $43,000 plus interest in an action brought to recover retirement benefits, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. In this action, in which plaintiff sought damages on the theory of promissory estoppel, the principal issue in the trial was whether, in retiring from defendant, plaintiff rightfully relied upon the representation of retirement benefits which had been brought to plaintiff's attention by defendant. (Metropolitan Life Ins. Co. v Childs Co., 230 NY 285, 292; Triple Cities Constr. Co. v Maryland Cas. Co., 4 NY2d 443, 448.) The record before us discloses that in May, 1972, plaintiff, an employee of defendant, received from defendant a written memorandum and booklet concerning a retirement plan for employees, that in May or June, 1973 in response to her request for retirement information she was given a form wherein it was stated that if she retired on July 1, 1973 she would receive a monthly benefit, as computed in the form, for the rest of her life and that thereafter in January, 1974 she advised defendant in writing that pursuant to the provisions for early retirement contained in defendant's retirement plan she elected to retire as of June 1, 1974. Although there was evidence that plaintiff did suffer serious physical injury in an accident which resulted in ill health prior to her disassociation from defendant, there was ample evidence for the jury to find, as it did, that plaintiff had reason to believe she met the requirements of the plan for early retirement and retired in reliance thereon and on defendant's representation to that effect. We find no basis for defendant's claim that the trial court allowed testimony in violation of the parol evidence rule. Nor do we find error in the court's other rulings or its remarks or in the charge so as to warrant reversal. There is no merit to any of the other contentions of defendant. Concur—Birns, J. P., Silverman, Capozzoli and Lane, JJ.